Dear Representative Smith:
We are in receipt of your request for an opinion regarding the authority of a ward or parish to regulate the running at large of livestock on public highways. Specifically, you have asked:
 1. Whether the governing authority of a ward or parish may hold a local option election to prohibit the running at large of livestock without first receiving a petition signed by twenty-five percent of the qualified electors?
 2. Whether a local governing body's authority to police cattle, as provided for in R.S. 33:1236(5), is superseded or repealed by R.S. 3:3008, which provides for a local option election by petition of twenty-five percent of the qualified electors.
In response to your first question, Louisiana Revised Statute3:3001 provides for a local option election as a means by which each ward of every parish may prohibit livestock from roaming at large on the public highways in the ward (except those provided for in R.S. 3:2803). The proper procedure for calling such an election is by petition of twenty-five percent of the qualified electors, as provided for in R.S. 3:3008 as follows:
 Upon the petition of twenty-five percent of the qualified electors in any ward of any parish of the state, the governing authority of the parish in which the ward is situated shall within sixty days after the date on which the petition is filed, order and set the date for an election.
This section of law does not provide for the calling of a local option election upon a motion of the local governing authority, but by petition of the electors. Therefore, it is the opinion of our office that no ward or parish within the state has authority to hold a local option election without first receiving a petition signed by twenty-five percent of the qualified electors of said ward or parish.
In response to your second question, Louisiana Revised Statute3:3008 (cited above) does not supersede nor does it conflict with R.S. 33:1236(5), but provides an additional method of regulating the roaming at large of livestock on the public highways of any particular parish. Revised Statute 33:1236(5) states:
 The police juries and other parish governing authorities shall have the following powers:
* * *
 (5) To pass all ordinances and regulations in relation to the marking, the sale, destruction of cattle in general and especially of wild cattle which are not marked and also of horses and mules; and to take any measure concerning the policing of cattle in general in all the cases not provided for by law; to fix the time in which cattle may be suffered to rove in the parishes of this state, where that customer prevails, so that such roving may not be detrimental to the crops; to determine what animals shall not be suffered to rove; and in what case they may lawfully be killed. (Emphasis Added.)
In addition, it is opined in Attorney General Opinion No. 1940-42, p. 2014 that, "the roving at large of cattle, horses and mules is under the control of the police juries of the various parishes and such police juries may enact ordinances on this subject matter." Ten years later, Act No. 443 of 1950 was enacted to provide an additional method by which stock laws may be voted on and enforced. The provisions of Act No. 443 of 1950 may be found within LSA-R.S. 3:3008 (cited above).
In a case brought before the Court of Appeals of Louisiana, Sheridan vs. Washington Parish Police Jury, (App. 1953),67 So.2d 110, the constitutionality of an ordinance enacted by a parish police jury prohibiting livestock from running at large, was attacked on the ground that the statute under which the ordinance was enacted (R.S. 33:1236(5)) was superseded by statute (R.S. 3:3008) providing for special election to determine whether livestock should be prohibited from running at large upon highways within the parish. The court determined that R.S. 33:1236(5) was not superseded nor was it repealed by R.S. 3:3008 (Act No. 443 of 1950). The court elaborated by stating that:
 . . . there are now two ways in which livestock can be prohibited from running at large on the public highways, one, by the passage of an ordinance of the police jury as was done in this case which, in affecting an entire ward or a portion of a ward, would include all public highways within the limits of the ward or portion thereof affected by the ordinance, and two, by means of an election under Act No. 443 of 1950 which is an additional means of preventing livestock from running upon public highways.
Therefore, it is the opinion of our office that the two statutes under consideration do not conflict and are equally valid, and that LSA-R.S. 33:1236(5) is an additional method by which animals may be policed by the governing authority. This opinion, therefore, repeals earlier Opinion Number 91-372 in regard to the question of whether the police jury has the authority to police cattle by passing an ordinance.
In conclusion, the governing authority must receive a petition signed by twenty-five percent of the qualified electors before holding a local stock option election (R.S. 3:3008); however, the governing authority may enact an ordinance on its own accord to take any measure concerning the policing of cattle in all cases not provided for by law.
If we can be of further assistance, please advice.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARl:tcw:lg